UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDCITY REHABILITATION SERVICES, LLC,

        Plaintiff,

v.

        Case No. 11-cv-14777
        HON. GERSHWIN A. DRAIN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

And

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Counter-Plaintiff,

v.

MEDCITY REHABILITATION SERVICES, LLC,
and DAWIT TEKLEHAIMANOT, D.O.,

        Counter-Defendants.

**ORDER DENYING DR. TEKLEHAIMANOT'S MOTION FOR PARTIAL RECONSIDERATION [#117], AFFIRMING MAGISTRATE JUDGE R. STEVEN WHALEN'S DECEMBER 10, 2012 ORDER AND GRANTING STATE FARM'S MOTION FOR PROTECTIVE ORDER [#125]**

**I.   INTRODUCTION**

In June of 2011, MedCity Rehabilitation Services Inc. ("MedCity"), a physical therapy clinic, filed the instant action against State Farm Mutual Automobile Insurance Company ("State Farm") seeking to recover no-fault benefits. State Farm subsequently removed the instant action to this Court on October 28, 2011. State Farm also filed counterclaims against MedCity and Dawit Teklehaimanot, D.O., the treating physician at MedCity, for fraud, unjust enrichment, civil

-1-

racketeering, conspiracy and declaratory relief that the no-fault benefits are not owed.[1]

Presently before the Court is Dr. Teklehaimanot's Motion for Partial Reconsideration of Magistrate Judge R. Steven Whalen's December 10, 2012 Order, filed on December 26, 2012. Also, before the Court is State Farm's Motion for Protective Order Pursuant to December 10, 2012 Order, filed on January 8, 2013. These matters are fully briefed and the Court finds that oral argument will not aid in the resolution of these matters. Accordingly, the parties' motions will be decided on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Dr. Teklehaimanot's Motion for Partial Reconsideration and grants State Farm's Motion for Protective Order.

## II. FACTUAL BACKGROUND

The facts giving rise to this action have been set forth in this Court's March 29, 2013 Order, thus the Court will discuss only those facts necessary to the resolution of the parties' motions. *See* Dkt. No. 161 at 2-3. On July 23, 2012,[2] the Court entered a Protective Order providing that personal medical documents, personal financial documents and State Farm's claims files are confidential, and may only be disclosed to the parties, counsel, and others directly involved in the prosecution and defense of this matter.

On October 12, 2012, Dr. Teklehaimanot filed his First Emergency Motion to Compel Discovery from State Farm and for Sanctions. Dr. Teklehaimanot's motion was referred to Magistrate Judge R. Steven Whalen for a hearing and determination pursuant to 28 U.S.C. §

---

[1] MedCity filed similar actions in the state courts, which were also removed to this Court by State Farm. On December 19, 2012, this Court entered an Order consolidating all of the pending actions with the instant action. *See* Dkt. No. 111.

[2] This Order was entered by the previous district judge presiding over this action. This matter was reassigned to the undersigned on October 3, 2012. *See* Dkt. No. 75.

636(b)(1)(A). On December 10, 2012, Magistrate Judge Whalen issued an Order granting in part and denying in part Dr. Teklehaimanot's Emergency Motion to Compel. *See* Dkt. No. 108. In his Order, Magistrate Judge Whalen ordered State Farm to produce "billing procedures, practices, codes, manuals, policies and procedures regarding medical/physical therapy insurance and documents relating to medical discretion, diagnosis and treatment of patients." *Id.* at 3. Magistrate Judge Whalen also ordered the parties to submit a stipulation and proposed protective order governing the production of these documents, since they were not governed by the July 23, 2012 Protective Order. *Id.* at 3-4. Specifically, the Order stated that "[t]he protective order will include a provision that the information produced shall not be disclosed to any person or entity not involved with the prosecution or defense of this lawsuit, and shall not be used for any purpose other than the prosecution or defense of this lawsuit." *Id.* at 4.

On January 4, 2013, State Farm sent correspondence to Dr. Teklehaimanot and MedCity requesting that both stipulate that the documents produced pursuant to the December 10, 2012 Order "shall not be disclosed to any person or entity not involved with the prosecution or defense of this lawsuit, and shall not be used for any purpose other than the prosecution or defense of this lawsuit." *See* State Farm's Mot. for Pro. Ord., Ex. A. On January 7, 2013, counsel for Dr. Teklehaimanot indicated that he would not stipulate to entry of a protective order. MedCity has not responded to State Farm's January 4, 2013 letter. Also on January 7, 2013, State Farm produced nearly all of the documents ordered by Magistrate Judge Whalen's December 10, 2012 Order. State Farm marked all of these documents as "confidential," as well as sent correspondence along with its production which requested that MedCity and Dr. Teklehaimanot treat the documents as confidential pending resolution of State Farm's Motion for Protective Order.

### III.  LAW & ANALYSIS

#### A.  Dr. Teklehaimanot's Motion for Partial Reconsideration

In his motion, Dr. Teklehaimanot argues that Magistrate Judge Whalen's December 10, 2012 Order is clearly erroneous for a variety of reasons. Specifically, Dr. Teklehaimanot maintains that Magistrate Judge Whalen erred by requiring the parties to issue a protective order, by denying Dr. Teklehaimanot's request for production of State Farm's McKinsey & Company documents and Advancing Claims Excellence ("ACE") documents, by denying Dr. Teklehaimanot's request for production of expert witness related documents, and lastly, by failing to expressly rule on his request that State Farm identify the documents produced in response to the particular document requests by Dr. Teklehaimanot.

Rule 72(a) of the Federal Rules of Civil Procedure sets forth the applicable standard of review. Specifically, Rule 72(a) states in relevant part:

> A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R Civ. P. 72(a). "A decision is 'clearly erroneous' if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Laethem Equip. Co. v. Deere & Co.*, 261 F.R.D. 127, 135 (E.D. Mich. 2009) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The 'clearly erroneous' standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently." *Ardt ex rel. Parker v. Allstate Ins. Co.*, No. 09-14247, 2011 WL 768294, *1 (E.D. Mich. Feb. 28, 2011) (citing *Anderson v. Bessemer*

*City, N.C.*, 470 U.S. 564, 573-74 (1985)). Additionally, an order is only contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Brown v. Matuszak*, No. 07-11312, 2012 WL 6621159, *1 (E.D. Mich. Dec. 19, 2012).

### 1. Protective Order

Dr. Teklehaimanot argues that Magistrate Judge Whalen committed error when he issued his ruling requiring the parties to enter into a protective order because this issue was not before the Court. However, this is inaccurate as during the hearing State Farm agreed that it had documents responsive to Dr. Teklehaimanot's discovery requests, however these documents are confidential and not subject to the July 23, 2012 protective order. Magistrate Judge Whalen then addressed State Farm's comments in his Order, noting that State Farm "acknowledged that additional sections might have relevance, and that she would be agreeable to producing those, with the proviso that a protective order might be necessary." Dkt. 108 at 3.

Additionally, the Court finds that Magistrate Judge Whalen's Order directing the parties to enter into a protective order was neither contrary to law nor clearly erroneous. Federal Rule of Civil Procedure 26 provides in relevant part: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and "[t]he court may, for good cause, issue an order to protect a party . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . ." Fed. R. Civ. P. 26(c)(1)(G). "[T]o satisfy [this rule], the movant must show that: (1) the interest for which protection is sought is an actual trade secret or other confidential business information protected by the rule; and (2) there is good cause for entry of a protective order." *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420, 422 (S.D. Ind. 2001).

The *Hamilton* court dealt with nearly identical facts as those present here and concluded that the claims handling manuals and similar documents were entitled to protection under Rule 26(c)(1) because such documents constituted trade secrets. *Id.* at 423. The *Hamilton* court further opined that there was good cause for entry of a protective order because State Farm demonstrated "a clear danger if its trade secrets are discovered by its competitors." *Id.* at 424. Similarly, a State Farm Claims Consultant, Robert Grumblatt, has filed an affidavit establishing that the documents produced contain trade secrets and/or confidential and commercially sensitive information and good cause exists for entry of a protective order. *See* State Farm's Mot. for Pro. Ord., Ex. B.

Thus, Magistrate Judge Whalen correctly concluded that the "billing procedures, practices, codes, manuals, policies and procedures regarding medical/physical therapy insurance and documents relating to medical discretion, diagnosis and treatment of patients" are entitled to protection pursuant to Rule 26. Dr. Teklehaimanot is therefore not entitled to the relief he seeks in his Motion for Partial Reconsideration.

### 2. McKinsey and ACE Documents

Dr. Teklehaimanot argues that Magistrate Judge Whalen erred "by disregarding prior decisions from the Eastern District of Michigan on identical procedural, factual, and legal issues." *See* Dr. Teklehaimanot's Mot. at 13. However, Dr. Teklehaimanot relies on the same case relied upon in his October 12, 2012 Motion to Compel. *See Akins v. State Farm*, No. 10-cv-12755, 2011 U.S. Dist. LEXIS 82806 (E.D. Mich. July 28, 2011).

There is nothing in the record suggesting that Magistrate Judge Whalen disregarded the *Akins* decision, rather he stated on the record during the hearing on Dr. Teklehaimanot's Motion to Compel that he had read the parties briefing. *See* 11/6/12 Hr. Tr. at 28. Thus, the record

demonstrates that Magistrate Judge Whalen considered both State Farm's and Dr. Teklehaimanot's briefing on this issue and determined that he agreed with other decisions from the Eastern District of Michigan concluding that the McKinsey and ACE documents have no relevance to the claims at issue herein.  In fact, Magistrate Judge Whalen cited another case from this court that considered the relevance of these documents and concluded that they are irrelevant.  *See Villaflor v. State Farm*, No. 07-13939 (E.D. Mich.).  The Court finds that Magistrate Judge Whalen's conclusion that the McKinsey and ACE documents have no relevance to the claims asserted herein was neither contrary to law nor clearly erroneous.  These documents have no application to the parties' underlying disputes since they were created more than ten years before any of the claims at issue herein accrued.  Therefore, Dr. Teklehaimanot is not entitled to the McKinsey and ACE documents.

### 3. Expert Documents

Here, Dr. Teklehaimanot again re-raises arguments considered and rejected by Magistrate Judge Whalen.  Specifically, Dr. Teklehaimanot maintains that it was error for Magistrate Judge Whalen to deny his request for production of expert witness documents and information as premature.  The Court finds Magistrate Judge Whalen's decision to deny his request for this information without prejudice was neither contrary to law nor clearly erroneous.  The Court will provide a deadline for the production of this information after the hearing scheduled for May 6, 2013.  The parties should confer and agree on a deadline for the exchange of expert witness documents and information and<u> be prepared to advise the Court of their proposed deadline at the May 6, 2013 hearing</u>.

### 4. Identification of Documents

Finally, Dr. Teklehaimanot fails to identify how Magistrate Judge Whalen's Order is contrary to law or clearly erroneous because he did not order State Farm to identify the documents produced in response to Dr. Teklehaimanot's particular document requests. Dr. Teklehaimanot argues that "[w]ithout such identification, [he] cannot possibly determine whether State Farm has complied with other aspects of the Court's Order compelling State Farm to produce documents in response to particular document requests." Dkt. No. 117 at 8.

The Federal Rules of Civil Procedure do not require a party to undertake the task of identifying which documents are responsive to each document request of an opposing party. Rather, Rule 34(b)(2)(E)(i) requires only that a party produce documents "as they are kept in the usual course of business or . . . organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). "If the producing party produces documents in the manner in which they are kept in the ordinary course of business, then Rule 34 imposes no further duty to organize and label the documents to correlate to the particular request to which they are responsive." *Consolidated Rail Corp. v. Grand Trunk Western R.R. Co.*, No. 09-cv-10179, 2009 WL 5151745, *3 (E.D. Mich. Dec. 18, 2009). Thus, Dr. Teklehaimanot is not entitled to the relief he seeks and this aspect of his Motion for Partial Reconsideration is also denied.

### B.     State Farm's Motion for Protective Order

Because the Court finds that Magistrate Judge Whalen correctly concluded that the documents produced by State Farm pursuant to his December 10, 2012 Order are entitled to protection under the Federal Rules of Civil Procedure, the Court GRANTS State Farm's Motion for Protective Order. The parties are hereby ORDERED to submit the stipulated protective order to the Court <u>no later than May 6, 2013</u>.

**IV.     CONCLUSION**

Accordingly, for the reasons stated above, Dr. Teklehaimanot's Motion for Partial Reconsideration [#117] is DENIED.

Magistrate Judge R. Steven Whalen's December 10, 2012 Order is AFFIRMED.

State Farm's Motion for Protective Order [#125] is GRANTED. The parties shall submit the stipulated protective order via the utilities function on CM/ECF no later than May 6, 2013.

SO ORDERED.

Dated:                                                            _____
                                                                          GERSHWIN A. DRAIN
                                                                          UNITED STATES DISTRICT JUDGE




                                                                          /s/ Gershwin A. Drain
Dated: May 3, 2013                               GERSHWIN A. DRAIN
                                                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
May 3, 2013, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk

---