UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDCITY REHABILITATION SERVICES, LLC,

        Plaintiff,

v.                                                                                    Case No. 11-cv-14777
                                                                                      Hon. Gershwin A. Drain

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Counter-Defendant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Counter-Plaintiff,

v.

MEDCITY REHABILITATION SERVICES, LLC
DAWIT TEKLEHAIMANOT, D.O.,

        Counter-Counter Defendants.
_____/

**ORDER DENYING DR. TEKLEHAIMANOT'S MOTION TO COMPEL [#120], GRANTING IN PART AND DENYING IN PART STATE FARM'S AMENDED MOTION TO COMPEL[#123], GRANTING STATE FARM'S MOTION FOR ORDER TO SHOW CAUSE [#149], GRANTING IN PART AND DENYING IN PART MEDCITY'S MOTION TO QUASH SUBPOENAS [#150], GRANTING STATE FARM'S EMERGENCY MOTION [#172] AND REQUIRING THE CLERK OF THE COURT TO STRIKE DR. TEKLEHAIMANOT'S REQUEST FOR CLERK'S ENTRY OF DEFAULT [#171]**

## I.      INTRODUCTION

      Presently before the Court are various pretrial motions. A hearing was held on May 6, 2013.

The Court notes at the outset that many, if not most, of the issues raised herein should have been

resolved with an "adult conversation among counsel without the need for the Court's intervention."

-1-

*See* Dkt. No. 177. While this statement is taken from one of the numerous briefs submitted by State Farm, the Court in no way seeks to imply that all of the parties herein are not equally culpable, because all are, by their failure to abide by the letter and sprit of the Federal Rules of Civil Procedure and the local rules of this Court. Going forward, the Court hereby prohibits the parties from filing any motion without complying with Local Rule 7.1(a). Any motion filed without certifying such compliance will be automatically stricken. Furthermore, any future briefing filed in support of a pretrial motion, except for a dispositive motion, shall not be filed in excess of seven (7) pages. Any briefs supporting a pretrial motion that do not meet this page limitation shall likewise be automatically stricken.

## II.     FACTUAL BACKGROUND

This matter arises out of a dispute between State Farm Mutual Automobile Insurance Company ("State Farm"), Dawit Teklehaimanot, D.O. and MedCity Rehabilitation Services, LLC ("MedCity") concerning payment for No Fault benefits. MedCity initiated the lawsuit seeking to recover its claims for No-Fault benefits improperly denied by State Farm. State Farm filed counterclaims against MedCity and Dr. Teklehaimanot, the treating physician at MedCity, for common law fraud, racketeering activity, racketeering conspiracy and unjust enrichment.[1]

State Farm alleges that from approximately April of 2010 through the present, MedCity and Dr. Teklehaimanot, acting in concert with attorney Carl Collins, III, knowingly submitted hundreds of fraudulent bills and related documentation to State Farm. State Farm asserts that Dr. Teklehaimanot, pursuant to what State Farm refers to as a "predetermined protocol," examines

---

[1] This Court granted State Farm's Motion for Leave to File Second Amended Counterclaims on December 19, 2012. *See* Dkt. Nos. 111, 114.

-2-

patients at MedCity and virtually always: (a) diagnoses patients with sprains or strains of the neck and back and other conditions; and (b) prescribes physical therapy at MedCity for as long as possible, whether the patient needs it or not.  State Farm maintains that each bill submitted was fraudulent because the services were either not performed or were performed pursuant to a predetermined protocol, resulting in services that were medically unnecessary.

Dr. Teklehaimanot has also filed counterclaims against State Farm seeking reimbursement for unpaid bills he submitted to State Farm for 190 different patients.  Dr. Teklehaimanot also alleges State Farm engaged in a fraudulent scheme to "delay, defend, deny" otherwise valid No-Fault benefit claims.  Dr. Teklehaimanot claims that State Farm operates its scheme through its claims handling practices, where State Farm: (1) deliberately misrepresents the status of claims and corresponding legal requirements, standards and limitations; (2) delays the processing and adjustment and payment of claims; and (3) improperly manipulates the litigation process and uses its virtually unlimited financial resources to intimidate and destroy legitimate medical service providers.

The Court entered a Scheduling Order in this matter on December 19, 2012.  The Court's Scheduling Order sets a discovery cutoff of August 29, 2013, a dispositive motion cutoff of September 30, 2013 and a trial date of February 14, 2014.

III.   **LAW & ANALYSIS**

A.     **Dr. Teklehaimanot's Motion to Compel Discovery from State Farm and for Sanctions**

This is Dr. Teklehaimanot's second Motion to Compel Discovery.  Dr. Teklehaimanot asserts that State Farm has failed to produce virtually any substantive information regarding its internal claims handling definitions, codes, policies, guidelines, training and educational materials,

-3-

organization and practices.  Dr.  Teklehaimanot argues that he cannot meaningfully prepare his case without access to  State Farm's claims handling documents.  He claims that "[c]onsistent with its well-documented integrated business and litigation scheme to 'delay, deny, and defend' otherwise valid [No Fault] benefit claims, State Farm has embarked upon its standard practice playing games with the discovery process."  Mot.  at 8.

In response, State Farm maintains that it has produced all of the responsive claims handling documents and production is complete with regard to Dr.  Teklehaimanot's request.  Specifically, State Farm has produced more than 300,000 pages of documents, including documents responsive to Dr. Teklehaimanot's request numbers 38-39, 42, 49, 52, 69-71, 73-76, 88, 90, 93.  Further, State Farm has produced four privilege logs corresponding to the documents produced.

Based on State Farm's Response and Dr.  Teklehaimanot's failure to file a reply brief supporting his position, the Court will deny his present Motion to Compel.

**B.      State Farm's Amended Motion to Compel Interrogatory Responses and Document Production from Dr.  Teklehaimanot**

State Farm moves the Court to compel Dr.  Teklehaimanot to produce: (1) information and documents from 2008 to the present, (2) answers to interrogatory numbers 7,10-13 of State Farm's First Set of Interrogatories, (3) produce all responsive documents in his possession, custody, or control that are responsive to document requests numbers 3-4, 7-8, 10, 13-14, 16, 19 and 21 of State Farm's First Set of Document Requests, (4) submit a declaration certifying that all responsive documents have been produced and setting forth his efforts to produce the responsive documents and (5) produce a privilege log detailing all documents withheld from production in response to any request based upon the attorney-client privilege, work-product doctrine, or any other applicable

privilege.

As an initial matter, State Farm's request for documents from 2008 through the present is reasonable. Dr. Teklehaimanot has objected to State Farm's request for documents from 2008 as "overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *See* Mot., Ex. 3. The relevant time period, from 2008 to present, is reasonable here. State Farm is entitled to the information regarding the formation of MedCity and the participants' planning of and participation in the alleged fraud scheme. "Courts have commonly extended the scope of discovery to a reasonable number of years prior to the defendant's alleged illegal action." *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 63 (D.N.J. 1985); *Dahl v. Wells Fargo Advisors, LLC*, No. 10-4696, 2012 WL 124986, *3 (D. Minn. Jan. 17, 2012) ("information regarding employment decisions before, during, and after" relationship at issue "is relevant, likely to lead to admissible evidence, and encompasses a reasonable time period.").

The Court rejects Dr. Teklehaimanot's position that discovery should be limited only to the damages period. "The Federal Rules of Civil Procedure authorize extremely broad discovery." *Guinn v. Mount Carmel Health Systems*, 2010 WL 2927254, *3 (S.D. Ohio July 23, 2010) (citing United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976). Additionally, the case relied on by Dr. Teklehaimanot, *JAT, Inc. v. Nat'l City Bank of Midwest*, No. 06-11937, 2007 WL 1880389, *2 (E.D. Mich. June 29, 2007) also rejects such a limited view of the relevant time period for discovery purposes. *See JAT, Inc.*, 2007 WL 1880389, at *2 ("The Court agrees that Plaintiffs are entitled to discovery of data for some period of time pre-dating their allegations . . . ."). State Farm's allegations assert that Dr. Teklehaimanot's fraud scheme began as far back as 2003.

Moreover, State Farm started receiving bills in April of 2010, however those bills relate to services performed as early as January of 2009.

As to State Farm's interrogatories 10 and 11, the Court finds that State Farm is entitled to identification of the specific bills upon which Dr. Teklehaimanot is suing and the amount of damages he seeks from State Farm. Dr. Teklehaimanot filed counterclaims against State Farm "for delays, withholdings and/or denials of payments . . . ." Dr. Teklehaimanot is obligated to identify the particular bills upon which he is suing and the damages he seeks to recover. Dr. Teklehaimanot shall respond to State Farm's interrogatories 10 and 11 within twenty one (21) days from the date of this Order.

As to State Farm's request number 3, which seeks documents relating to claims Dr. Teklehaimanot made to other insurers for services provided at MedCity, the Court finds that Dr. Teklehaimanot's objection to this request is warranted and denies this portion of State Farm's motion. Dr. Teklehaimanot's medical records and financial documents related to his patients insured by another insurance company have no bearing on the claims at issue herein. Such a request is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The purported scheme between MedCity and Teklehaimanot is circumscribed by their relationship and the lease arrangement between Dr. Teklehaimanot and MedCity. The case relied on by State Farm, *United States v. Gross*, No. 02-1981, 2003 WL 22976583 (6th Cir. Dec. 5, 2003) is inapposite and inapplicable to the circumstances herein. Therefore, the Court will sustain Dr. Teklehaimanot's objection to State Farm's Document Request No. 3.

As to State Farm's interrogatory number 12 and requests to produce numbers 13-14, 16 and 19, the Court will overrule Dr. Teklehaimanot's objections to these discovery requests in part.

-6-

Contrary to Dr. Teklehaimanot's arguments, his professional corporation's financial records are relevant to establishing the financial relationships among himself, MedCity and the other purported participants in the scheme.  Further, the financial records will demonstrate how these participants divvied up the proceeds of their fraud, who they employed in furtherance of their scheme, and how the relationship was structured to further and conceal the fraud.  *See State Farm Mut. Ins. Co. v. Policherla*, No.  08-13939, 2009 WL 2170183, *2 (E.D. Mich.  July 20, 2009) (granting discovery of financial information to assess the financial relationship among the defendants, the structure of the enterprise, measure the scope and extent of defendants' fraud, prove motive, identify other witnesses who may have participated in the scheme and to prove damages); *see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, 375 F.Supp. 2d 141, 156 (E.D.N.Y. 2005)  (ordering production of doctor's tax returns, general ledgers and bank records in RICO action as relevant to the issue of profits and motive where State Farm had alleged medical services were not performed pursuant to medical necessity, but for the defendants' financial gain).  Further, Dr. Teklehaimanot's objection that these documents are confidential lacks merit because the parties entered a stipulated protective order on July 23, 2012 which provides for confidential treatment of "personal financial documents" including "tax returns and financial/accounting books and records."

However, the Court finds that as to document request number 14, Dr. Teklehaimanot should not be compelled to produce all of his documents relating to his personal financial accounts, rather the Court finds that State Farm is entitled to any financial documents concerning his professional corporation bank accounts, but State Farm's request for financial documents from his personal bank accounts is overly broad.  Thus, as to State Farm's request to produce number 14, Dr. Teklehaimanot shall be required to respond to this request with any financial documentation

-7-

associated with his professional corporation bank accounts only.

Therefore, the Court orders Dr. Teklehaimanot to produce responses to State Farm's interrogatory number 12, and requests to produce numbers 13-14, 16 and 19, consistent with this Order, within twenty-one (21) days from the date of this Order.

As to State Farm's interrogatories numbers 7 and 13, and document request number 21, the Court finds that State Farm is entitled to the information sought by these discovery requests. "[D]iscoverable information includes evidence relevant to the credibility of a party or a key witness." *Thong v. Andre Chreky Salon*, 247 F.R.D. 193, 196 (D.D.C. 2008); *see also Lubber, Inc. v. Optari LLC*, No. 11-0042, 2012 WL 899631, *4 (M.D. Tenn. Mar. 15, 2012)("Credibility is an issue . . . and discovery concerning that is relevant."). Here, State Farm has alleged that Dr. Teklehaimanot committed fraud, engaged in racketeering activity and provided services to patients that were not medically necessary for his financial gain. Thus, State Farm is entitled to documents and information relevant to Dr. Teklehaimanot's credibility as a witness, including training and education for the EDX Tests, criminal, disciplinary or civil investigations or proceedings against him. Dr. Teklehaimanot shall respond to State Farm's interrogatories numbers 7 and 13, and document request number 21 within twenty-one (21) days from the date of this Order.

Additionally, the Court concludes that State Farm is entitled to the information sought by document requests numbers 4, 7, 8, and 10 which seek information related to, or outlining protocols or procedures that Dr. Teklehaimanot followed in providing medical services to his patients, information regarding the corporate formalities of Dr. Teklehaimanot's corporation, Physical Medicine & Rehabilitation Consultant & Pain Management, P.C. , and all documents reflecting communications between Dr. Teklehaimanot and the other participants in the alleged scheme,

-8-

including but not limited to, the Law Offices of Carl Collins, III, Alpha Living LLC, and In & Out Transportation Services, LLC.  This information is likely to lead to the discovery of admissible evidence related to State Farm's allegations that Dr.  Teklehaimanot provided medical treatment pursuant to a predetermined protocol.  Thus, Dr.  Teklehaimanot shall respond to State Farm's document requests numbers 4, 7, 8, and 10 within twenty-one (21) days from the date of this Order.

For the foregoing reasons, State Farm's Amended Motion to Compel is granted in part and denied in part.

### C.    State Farm's Motion for Order to Show Cause, or Alternatively, Motion to Compel In & Out Transportation Services, LLC to Comply with Lawfully Issued Subpoena

State Farm moves the Court for an Order requiring In & Out Transportation LLC ("In & Out"), an entity State Farm suggests was created as part of MedCity and Dr.Teklehaimanot's fraudulent scheme, to show cause why it should not be held in contempt for its refusal to comply with a lawfully issued subpoena, served on January 21, 2013.  In & Out is a transportation company that transports patients to and from MedCity.  State Farm argues that at least 80% of the transportation payments made on behalf of insureds treating at MedCity were made to In & Out, furthermore all of these insureds are patients of Dr.  Teklehaimanot.

Rule 45 governs third-party discovery and permits a party to a federal lawsuit to issue a subpoena compelling the production of documents.  *See* Fed. R. Civ. P. 45(c)(2)(B)(I).  A subpoenaed party must engage in sufficient investigation to uncover as much information as possible, and to produce all responsive documents in their "control," not only what is in their "possession." *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).  If a subpoenaed party fails to sufficiently investigate, the court can compel a complete and proper response.  *See Joyner*

*v. Rex. Corp.*, 2007 WL 10999106, at *5-6 (M.D. Fla. April 10, 2007).

In & Out has failed to respond to the subpoena.  Generally, failure to object to a lawfully issued subpoena constitutes waiver of untimely objections. *See Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011).  Moreover, the subpoena appears to be narrowly tailored to seek information related to State Farm's Second Amended Counterclaims, thus it is not overbroad on its face nor does it exceed the bounds of discovery under the Federal Rules.  Thus, In & Out is hereby ordered to show cause in writing, no later than May 21, 2013, why it should not be held in contempt for failure to abide by a lawfully issued subpoena.  In & Out is also ordered to appear for a hearing on this matter on May 28, 2013 at 2:30 p.m.

### D.   MedCity's Motion to Quash Subpoenas Served Upon Non-Party Banking Institutions

On January 18, 2013, State Farm served subpoenas *duces tecum* on Comerica Bank, First Place Bank and RBS Citizens, N.A.   The bank subpoenas sought the following documents:

> All documents and/or records, in either paper or electronic form, including but not limited to account statements, signature cards, canceled checks, deposit slips, withdrawal slips, records of wire transfers, documents relating to the opening and/or closing of any account, and documents relating to any lockboxes and/or lockbox services . . . relating to:
>
> - Bank accounts in the name of MedCity, Collins, and/or Dr. Teklehaimanot
> - Bank accounts with specifically enumerated account numbers believed to be associated with MedCity, Collins, and Dr. Teklehaimanot
> - Bank accounts with addresses associated with MedCity, Collins, and/or Dr. Teklehaimanot.

On February 7, 2013, MedCity filed a Motion to Quash Subpoenas for Banking Records Pursuant to Fed. R. Civ. P. 45(c)(3).  MedCity argues that the subpoenas served on the banking institutions seek proprietary, private and irrelevant information regarding accounts of In & Out,

-10-

MedCity, MedCity Rehab Physical Therapy Clinic and Carl L. Collins, III.

Federal Rules of Civil Procedure 45(c)(3) states in relevant part:

*(3)*    ***Quashing or Modifying a Subpoena***.

(A) *When Required.*   On timely motion, the issuing court must quash or modify a subpoena  that:

\*                              \*                      \*
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

Fed.  R.  Civ.  P.  45(c)(3)(iii)-(iv).  The gist of MedCity's argument is that an individual has a privacy right in his or her bank and employment records, and this right is sufficient to confer standing to move to quash a subpoena seeking such information.  *See Crispin v.  Christian Audigier*, *Inc.*, 717 F.  Supp. 2d 965 (C.D. Cal.  2010).  MedCity maintains that there is simply no reason that State Farm should be permitted to obtain proprietary and private banking records for In & Out, MedCity, MedCity Rehab Physical Therapy Clinic and Carl L. Collins, III.

The case law relied on by MedCity is not controlling on this Court, nor does it represent the law of this circuit. *See Crispin v.  Christian Audigier*, *Inc.*, 717 F.  Supp.  2d 965 (C.D. Cal.  2010). The United States Court of Appeals for the Sixth Circuit has consistently held that "there is no privacy interest in the financial affairs of an individual."  *See State Farm Mut.  Ins.  Co.  v. Policherla*, No.  08-13939, 2009 WL 2170183, \*3 (E.D. Mich.  July 20, 2009).  MedCity thus has no privacy interest in the subpoenaed bank records.

Further, contrary to MedCity's argument, the bank records sought by the subpoenas are relevant to State Farm's Second Amended Counterclaims.  State Farm's Second Amended Counterclaims include allegations that MedCity and Dr.  Teklehaimanot –acting in concert with

-11-

attorney Carl Collins, III–submitted fraudulent bills and documentation to State Farm for physical therapy services that either were not performed at all, or were performed pursuant to a predetermined protocol that was designed to enrich MedCity, Dr. Teklehaimanot and Collins. In *Policherla*, the court granted State Farm's motion to compel under factually indistinguishable circumstances, finding that the bank records were relevant to: (1) assess the financial relationship among the defendants, (2) the structure of the enterprise, (3) measure the scope and extent of the defendant's fraud, (4) prove motive, (5) identify other witnesses who may have participated in, or have knowledge concerning the purported scheme and to (6) prove damages. *Policherla*, 2009 WL 2170183, at *2 (compelling physician to produce bank records, tax returns, and general ledgers for his business); *see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, 375 F.Supp. 2d 141, 156 (E.D.N.Y. 2005) (ordering production of doctor's tax returns, general ledgers and bank records in RICO action as relevant to the issue of profits and motive where State Farm alleged medical services were not performed pursuant to medical necessity, but for the defendants' financial gain).

Similar to *Policherla*, the bank records of MedCity and Dr. Teklehaimanot's and Collins's professional corporations are relevant to establishing the financial relationships among Dr. Teklehaimanot, MedCity, Collins, and In & Out, among others. The bank records will also show the parties' financial motive in perpetuating the fraud scheme, as well as will assist State Farm in calculating its total damages. However, to the extent the subpoenas seek financial information regarding Collins's and Dr. Teklehaimanot's personal bank accounts, such a request is overly broad. Therefore, the Court quashes this aspect of the bank subpoenas. Therefore, the Court grants in part and denies in part MedCity's Motion to Quash the subpoenas served on Comerica Bank, First Place

-12-

Bank and RBS Citizens, N.A.

**E.      State Farm's Emergency Motion to Strike Request for Clerk's Entry of Default**

State Farm moves the Court to strike Dr.  Teklehaimanot's Request for Clerk's Entry of
Default and  order Dr.  Teklehaimanot to amend his First Amended Counterclaims within twenty-
one (21) days or dismiss his claims for want of prosecution.  Alternatively, to the extent the Court
disagrees with State Farm's position, State Farm requests it be granted five (5) business days to file
an Answer to Dr.  Tek's First Amended Counterclaims.

On April 23, 2013, Dr.  Teklehaimanot filed a Request for Clerk's Entry of Default based
on State Farm's failure to respond to his First Amended Counterclaims.  On March 29, 2013, this
Court granted in part and denied in part State Farm's Motion to Dismiss Dr. Teklehaimanot's First
Amended Counterclaims.  Therefore, Dr.  Teklehaimanot maintains that entry of default is warranted
based on State Farm's failure to file a responsive pleading within fourteen days from entry of the
Court's March 29, 2013 Order.  *See* Rule 12(a)(4)(A) (providing that "if the court denies [a] motion
[to dismiss] . . ., the responsive pleading must be served within 14 days after notice of the court's
action . . . .")

State Farm maintains that Dr.  Teklehaimanot should have filed an amended pleading
consistent with this Court's Order prior to State Farm filing a responsive pleading.  State Farm
insists that it cannot adequately respond to Dr.  Teklehaimanot's First Amended Counterclaims
because substantial portions of his claims  are  no longer operative; the EOR allegations supporting
the fraud claim have been eliminated and the estoppel claim has been entirely dismissed.  As such,
State Farm has not been dilatory in responding to Dr.  Teklehaimanot's allegations because it was
waiting for Dr.  Teklehaimanot to file an amendment.

While the Court agrees that the extreme remedy of default is inappropriate under the circumstances and would ultimately prove wasteful, the Court declines to require Dr. Teklehaimanot to amend his First Amended Counterclaims.  The cases relied on by State Farm are distinguishable from the present matter, nor do they suggest that requiring a party to amend his pleading after partially surviving a Rule 12(b)(6) is an advisable case management approach utilized by the courts in this circuit.  *See Liming v. Stryker Corp.*, No.  11-00788,  2012 WL 1957287, *5 (S.D. Ohio May 31, 2012); *see also Lambdin v.  Aerotek Commercial Staffing*, No.  10-280, 2011 WL 3794040, *8 (E.D. Tenn.  Aug.  25, 2011).  Contrary to State Farm's assertions, it is not expected to respond to the EOR allegations and promissory estoppel allegations in the First Amended Counterclaims, which have been dismissed by this Court's March 29, 2013 Order.  Furthermore, the  Court discerns no legitimate difficulty imposed on State Farm in requiring a response to the First Amended Counterclaims as currently drafted.  Accordingly, the Court will order the Clerk of the Court to strike Dr.  Teklehaimanot's Request for Clerk's Entry of Default, and order State Farm to file an answer to Dr.  Teklehaimanot's First Amended Counterclaims within seven (7) days from the date of this Order.

## IV.   CONCLUSION

For the reasons state above, Dr.  Teklehaimanot's Motion to Compel Discovery from State Farm and for Sanctions [#120] is DENIED.

State Farm's Amended Motion to Compel Interrogatory Responses and Document Production from Dr.  Teklehaimanot [#123] is GRANTED IN PART and DENIED IN PART.  Dr. Teklehaimanot SHALL serve his discovery responses consistent with this Order within twenty-one (21) days of the date of the Order.

State Farm's Motion for Order to Show Cause, or Alternatively, Motion to Compel In & Out Transportation to Comply with Lawfully Issued Subpoena [#149] is GRANTED.  In & Out Transportation Services, LLC SHALL SHOW CAUSE IN WRITING , NO LATER THAN MAY 21, 2013 , WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR ITS FAILURE TO COMPLY WITH A LAWFULLY ISSUED SUBPOENA.  IN & OUT TRANSPORTATION SERVICES SHALL ALSO HAVE A REPRESENTATIVE APPEAR FOR A HEARING ON TUESDAY, MAY 28, 2013 AT 2:30 P.M.

MedCity's Motion to Quash Subpoenas Served Upon Non-Party Banking Institutions [#150] is GRANTED IN PART and DENIED IN PART.

State Farm's Emergency Motion to Strike Request for Clerk's Entry of Default [#172] is GRANTED.  The Clerk of the Court is hereby directed to strike Dr.  Teklehaimanot's Request for Clerk's Entry of Default [#171].   State Farm SHALL file a responsive pleading to Dr. Teklehaimanot's First Amended Counterclaims within seven (7) days from the date of this Order.

SO ORDERED.


Dated: May 7, 2013                                  /s/ Gershwhin A Drain
                                                     GERSHWIN A DRAIN
                                                     UNITED STATES DISTRICT JUDGE

-15-