UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDCITY REHABILITATION SERVICES, LLC,

    Plaintiff,

v.                                                                                         Case No. 11-cv-14777
                                                                  Hon. Gershwin A. Drain

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Defendant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Plaintiff,

v.

MEDCITY REHABILITATION SERVICES, LLC
DAWIT TEKLEHAIMANOT, D.O.,

    Counter-Counter Defendants.
_____/

**ORDER GRANTING STATE FARM'S MOTION TO COMPEL THE LAW OFFICES OF CARL COLLINS, III, TO COMPLY WITH LAWFULLY ISSUED SUBPOENA [#94], GRANTING STATE FARM'S MOTION TO COMPEL CARL COLLINS, III, TO COMPLY WITH LAWFULLY ISSUED SUBPOENA [#95], GRANTING STATE FARM'S MOTION TO COMPEL ALPHA LIVING, LLC TO COMPLY WITH LAWFULLY ISSUED SUBPOENA [#96] AND DENYING WITHOUT PREJUDICE STATE FARM'S REQUEST FOR CASE TERMINATION SANCTIONS [#169]**

**I.     INTRODUCTION**

        Presently before the Court are various motions stemming from MedCity's, and its counsel,

Craig Romanzi's, purported failure to comply with the discovery rules of the Federal Rules of Civil

Procedure, as well as his failure to abide by this Court's Orders. On April 18, 2013, State Farm filed a Notice of Non-Compliance and Request for Case-Terminating Sanctions against MedCity *See* Dkt. No. 169. On May 5, 2013, hours before the Court's scheduled hearing, Med City filed a Response to State Farm's Request for Case Terminating Sanctions. *See* Dkt. No. 178.

Also before the Court are State Farm's Motions to Compel the Law Offices of Carl Collins, III, Carl Collins, III, and Alpha Living, LLC, to comply with lawfully issued subpoenas. *See* Dkt. Nos. 94-96. On December 19, 2012, this Court issued an Order for the Law Offices of Carl Collins, III, Carl Collins, III, and Alpha Living, LLC, to show cause in writing, no later than January 18, 2013 why they should not be held in contempt for their willful noncompliance with a lawfully issued subpoena. *See* Dkt. No. 111 at 3. The non-parties, now apparently represented by Mr. Romanzi, have filed responses to this Court's December 19, 2012 Order, albeit three days past the deadline imposed by this Court's December 19, 2012 Order. State Farm argues that none of the responses demonstrate any legitimate reason for their failure to comply with the subpoenas, thus State Farm requests that the Court issue an Order compelling the Law Offices of Carl Collins, III, Carl Collins, III, and Alpha Living LLC, to respond to the lawfully issued subpoenas.

## II.     LAW & ANALYSIS

### A.     State Farm's Non-Party Subpoenas

State Farm's Second Amended Counterclaims include allegations that MedCity and Dr. Teklehaimanot –acting in concert with attorney Carl Collins, III–submitted fraudulent bills and documentation to State Farm for physical therapy services that either were not performed at all, or were performed pursuant to a predetermined protocol that was designed to enrich MedCity, Dr. Teklehaimanot and Collins.

Collins is a personal injury attorney who represents individuals involved in automobile accidents and practices through the Law Offices of Carl L. Collins, III.  In early 2010, Collins joined with Pradeep Akkireddy to form MedCity.  From April of 2010 through February of 2011, the two members of MedCity were Alpha Living, LLC ("Alpha Living") and System Soft, Inc.  As of February of 2011, the sole member of MedCity has been Alpha Living.  Collins and his mother own Alpha Living.  Collins represents nearly all of the patients who treat at MedCity.  State Farm maintains that the line between Collins as MedCity's patients' attorney and Collins, as the owner of MedCity, is blurred and that as the attorney representing nearly all the patients who treat at MedCity, Collins has a motive to inflate the value of their personal injury claims and, as the owner of MedCity, he has additional motive to increase MedCity's profits.

On May 31, 2012, State Farm served a Subpoena on Collins's Law Office to obtain information relevant to Collins's role in the alleged scheme, including information concerning how his clients are referred to MedCity, his financial motives, the distribution of settlement proceeds from personal injury claims, MedCity's ownership and marketing materials, and the relationship between MedCity, Collins and other participants in the alleged scheme.

On June 4, 2012, Collins's Law Office served its response in which it (1) objected to the documents requested as "too broad" or "not relevant" and/or stated that the documents did not exist or that it did not have a system for identifying the documents. On November 16, 2012, State Farm filed its Motion for an Order to Show Cause, or Alternatively, for an Order Compelling Collins's Law Office to Comply with a Lawfully Issued Subpoena.  On December 19, 2012, this Court entered an Order requiring The Law Offices of Carl Collins, III, to show cause in writing, why it should not be held in contempt for its willful noncompliance with the subpoena no later than January

18, 2013.[1] Only after State Farm filed a Notice of Noncompliance did Collins's Law Office file a response, which was three days past the deadline set by this Court's December 19, 2012 Order.

"The Federal Rules of Civil Procedure authorize extremely broad discovery." *Guinn v. Mount Carmel Health Systems*, 2010 WL 2927254, *3 (S.D. Ohio July 23, 2010) (citing United States v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir. 1976). Rule 45 governs third-party discovery and permits a party to a federal lawsuit to issue a subpoena compelling the production of documents." *See* Fed. R. Civ. P. 45(c)(2)(B)(I); *Stringer v. Ryan*, No. 08-21877, 2009 WL 3644360,*1 (S.D. Fla. Oct. 30, 2009). Pursuant to Rule 45(e), the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *Petit v. Diebold, Inc*., No. 09-12107, 2010 WL 376103, *1 (E.D. Mich. Jan. 25, 2010). A subpoenaed party must engage in sufficient investigation to uncover as much information as possible, and to produce all responsive documents in their "control," not simply what is in their "possession." *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

The Law Offices of Carl Collins's response fails to provide any valid reason for its failure to comply with State Farm's subpoena. Further, Mr. Romanzi has rebuffed each of State Farm's attempts to discuss the subpoena. The documents sought by State Farm are relevant to State Farm's Second Amended Counterclaims. The financial information sought is relevant to establishing the financial relationships among the participants in the purported scheme, as well as relevant to the association-in-fact enterprise formed by MedCity, Dr. Teklehaimanot and Collins. Further, the Law Offices of Carl Collins's response fails to provide any authority demonstrating that the

---

[1] The Court's December 19, 2012 Order similarly required Alpha Living and Collins to show cause in writing why they should not be held in contempt for their failure to comply with a lawfully issued subpoena.

information sought is irrelevant. The Court finds that the financial documents, documents reflecting settlement disbursements and payments from State Farm to Collins's clients, documents and communications regarding the relationships between Collins, MedCity and Dr. Teklehaimanot, MedCity's incorporation materials, documents related to the ownership and control of MedCity, MedCity's marketing materials, and correspondence or disclosures with regulatory agencies are relevant to the issues raised herein.

Similarly, Carl Collins's and Alpha Living's responses, which were also untimely filed, do not provide any valid justification for their failure to comply with State Farm's subpoenas, issued on May 10, 2012.[2] The information sought by the subpoenas seeks targeted information regarding the participants' scheme. Therefore, Carl Collins, III, The Law Offices of Carl Collins, III, and Alpha Living shall comply with State Farm's subpoenas within fourteen (14) days from the date of this Order.

### B. State Farm's Notice of Non-Compliance

On March 28, 2012, State Farm served its first sets of interrogatory and document requests on MedCity. On May 15, 2012, Carl Collins, MedCity's attorney at the time, served written responses to State Farm's document and interrogatory requests. Upon review, State Farm realized that the responses were deficient and it filed a Motion to Compel on June 26, 2012.

MedCity's current counsel of record, Craig Romanzi, appeared on behalf of MedCity on July 26, 2012. On September 4, 2012, the parties submitted an Amended Joint Memorandum Regarding

---

[2] Collins was not served with the subpoena until June 27, 2012 because he apparently attempted to evade service for over a month and ignored State Farm's request to serve him by email in light of the fact that he was counsel for MedCity at the time. Alpha Living was served with the subpoena on May 17, 2012.

State Farm's Motion to Compel. *See* Dkt. No. 68. In that filing, MedCity agreed to produce various categories of documents and amend certain interrogatories no later than September 14, 2012. When MedCity failed to file responses promised in its September 4, 2012 agreement, State Farm filed a supplement to its Motion to Compel on September 26, 2012. This matter was reassigned to the undersigned on October 3, 2012.

On December 19, 2012, the Court conducted a hearing and entered an Order on that day requiring MedCity to respond to State Farm's June 26, 2012 Motion to Compel no later than January 22, 2013 and to serve discovery responses agreed to in the parties' September 4, 2012 Joint Memorandum no later than January 22, 2013. The Court's December 19, 2012 Order also stated in relevant part that: "[f]ailure to serve the discovery responses by January 22, 2013 will result in the imposition of sanctions against MedCity in an amount of $2,500.00." *See* Dkt. No. 111 at 3.

MedCity violated this Court's December 19, 2012 Order by failing to respond to State Farm's Motion to Compel. Further, according to State Farm, MedCity produced only a small fraction of the documents it had agreed to produce in the parties' September 4, 2012 Joint Memorandum. The only requirement that MedCity complied with was the requirement that it verify its original interrogatory answers. State Farm notified this Court of MedCity's non-compliance with this Court's December 19, 2012 Order on January 24, 2013 and again on February 18, 2013. *See* Dkt. Nos. 139 and 153. On March 29, 2013, the Court issued an Order resolving State Farm's Motion to Compel, which stated in relevant part:

> [B]ased on MedCity's failure to comply with this Court's December 19, 2012 Order, the Court sanctions counsel for MedCity in the amount of $2,500.00, which shall be remitted to State Farm within seven (7) days from the date of this Order. Further, MedCity shall submit complete answers to State Farm's First Set of Interrogatories and produce all responsive documents in MedCity's possession, custody, or control that are responsive to State Farm's First Set of Document Requests within seven (7)

    days from the date of this Order. Failure to comply with this Order may result in further sanctions, up to and including, dismissal of MedCity's claims against State Farm and entry of default judgment against MedCity on State Farm's Amended Counterclaims.

Dkt. No. 161 at 11-12.

On April 5, 2013, the day for compliance set forth in the March 29, 2013 Order, MedCity tendered a $2,500.00 check to State Farm, made a partial production of one, single category of documents it was required to produce, and filed a motion for extension of time to comply with the remainder of the order. *See* Dkt. No. 163. In its motion for extension, MedCity represented that it had already produced many categories of documents, including but not limited to, complete files for patients involved in the primary litigation, complete billing files for patients involved in the primary litigation, and MedCity's Operating Agreement. On April 9, 2013, the Court granted MedCity a short extension of time to comply with the Court's March 29, 2013 Order requiring MedCity to produce all responsive documents.

State Farm argues that MedCity's failure to comply with this Court's Orders has become an unfortunate pattern for counsel. This pattern is not an anomaly, rather MedCity's counsel has engaged in similar dilatory and uncooperative conduct with respect to discovery practice in other cases. Specifically, on January 3, 2013, the United States Court of Appeals for the Sixth Circuit affirmed the district court's entry of case-terminating sanctions against a healthcare provider, also represented by Mr. Romanzi, after he repeatedly ignored attempts by defendant's counsel to schedule depositions pursuant to court order. *See Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953 (6th Cir. 2013); *see also Universal Health Grp. v. Allstate Ins. Co.*, No. 09-12524, 2012 WL 488709 , *2 (E.D. Mich. Feb. 15, 2012). In upholding the decision of the district court, the

Sixth Circuit Court of Appeals found that the healthcare provider's actions were willful and prejudiced Allstate by preventing it from obtaining evidence essential to the preparation of its defense. *Allstate*, 703 F.3d at 956. Because the conduct "violated the rules of civil procedure and common courtesy alike," the court held that the district court's sanction of dismissal "was not only permissible, but salutary." *Id.*

Here, the Court declines to impose the drastic sanctions of dismissal and default judgment which should be sanctions of last resort. Rather, the Court hereby warns MedCity's counsel that future noncompliance with this Court's Orders, local rules or the Federal Rules of Civil Procedure will result in entry of judgment in State Farm's favor on all claims asserted herein.

### III. CONCLUSION

IT IS ORDERED that State Farm's Motions To Compel the Law Offices of Carl Collins, III, Carl Collins, III, and Alpha Living, LLC to Comply with Lawfully Issued Subpoenas [#94,#95, #96] are GRANTED. The Law Offices of Carl Collins III, Carl Collins, III, and Alpha Living, LLC SHALL COMPLY with State Farm's May 10, 2012 Subpoenas within fourteen (14) days from the date of this Order.

IT IS FURTHER ORDERED that State Farm's Request for Case Terminating Sanctions [#169] is DENIED WITHOUT PREJUDICE.

Dated: August 7, 2013                                /s/Gershwin A Drain
                                                     GERSHWIN A. DRAIN
                                                     UNITED STATES DISTRICT JUDGE