UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDCITY REHABILITATION SERVICES, LLC,

      Plaintiff,

v                                                                                Case No. 11-cv-14777
                                                                      Hon. Gershwin A. Drain

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Counter-Defendant

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Counter-Plaintiff,

v.

MEDCITY REHABILITATION SERVICES, LLC
DAWIT TEKLEHAIMANOT, D.O.,

      Counter-Counter Defendants.
_____/

**ORDER DENYING DR. TEKLEHAIMANOT'S MOTION TO COMPEL ATTORNEY-CLIENT PRIVILEGED DOCUMENTS [#175], DENYING IN PART AND GRANTING IN PART DR. TEKLEHAIMANOT'S MOTION FOR RECONSIDERATION [#188], DENYING STATE FARM'S MOTION TO STRIKE REPLY [#195] AND GRANTING LEAVE TO FILE REPLY [#198]**

**I.    INTRODUCTION**

      Presently before the Court are various pretrial motions that all relate to Dr. Teklehaimanot's First Set of Requests for Production of Documents to State Farm. Dr. Teklehaimanot seeks an order compelling State Farm to produce full and complete answers to his Requests to Produce

-1-

numbers 38-40, 42, 49, 52, 63, 69-71, 74-76, 88, 90, and 93. State Farm responds that it has produced 300,000 pages worth of claim file documents, multi-claims investigation unit project files, emails, provider billing data, independent medical examination payment data, job descriptions, sample policy and endorsements, as well as relevant sections of State Farm's Auto Claim Manual and other claims handling policies, procedures, practices, guidelines and training materials. State Farm produced only 228 documents with redactions and withheld approximately 3,900 documents. The redactions and withheld documents are properly protected by the attorney work product doctrine.

## II.  FACTUAL BACKGROUND

MedCity is a physical therapy clinic that sued State Farm for payment of No-Fault benefits. State Farm filed counterclaims against MedCity and Dr. Teklehaimanot, the treating physician at MedCity, for common law fraud, unjust enrichment, civil racketeering, racketeering conspiracy and declaratory judgment that the pending bills are not owed. Dr. Teklehaimanot has filed counter-counterclaims against State Farm for breach of contract and fraud. The Court dismissed Dr. Teklehaimanot's promissory estoppel claim pursuant to Rule 12(b)(6) on March 29, 2013.

On July 31, 2012, Dr. Teklehaimanot served his First Set of Requests for Production of Documents. On October 12, 2012, Dr. Teklehaimanot filed his First Motion to Compel Production of Documents. Dr. Teklehaimanot's First Motion to Compel was resolved by an Order entered by Magistrate Judge Whalen on December 10, 2012. *See* Dkt. No. 108. Specifically, Magistrate Judge Whalen held in relevant part that (1) Dr. Teklehaimanot's requests for documents relating to the reasonableness of charges were irrelevant to the claims at issue, (2) compelling State Farm to produce "billing procedures, practices, codes, manuals, policies and procedures regarding

medical/physical insurance and documents relating to medical discretion, diagnosis and treatment of patients[,]" and (3) compelling State Farm to produce additional sections of the Auto Claim Manual and policies regarding its Explanations of Review (EORs), claims handling policies, activity logs and training materials. *See* Dkt. No. 108.

On December 28, 2012, Dr. Teklehaimanot filed his Second Motion to Compel. *See* Dkt. No. 120. On May 7, 2013, this Court entered an Order denying Dr. Teklehaimanot's Second Motion to Compel finding that State Farm had "produced 300,000 pages of documents, including documents responsive to Dr. Teklehaimanot's request[s]." The Court also denied Dr. Teklehaimanot's Motion based, in part, on the Court's belief that Dr. Teklehaimanot had not filed a Reply in support of his motion. Counsel for Dr. Teklehaimanot contacted the Court's clerk to advise that he had in fact filed a Reply Brief in support of his Second Motion to Compel. *See* Dkt. No. 136. Accordingly, the Court permitted Dr. Teklehaimanot an opportunity to file a Motion for Reconsideration of this Court's May 7, 2013 Order denying his Second Motion to Compel.

## III.   LAW & ANALYSIS

Dr. Teklehaimanot argues that State Farm has completely stonewalled his legitimate discovery efforts regarding State Farm's claims handling business and moves for reconsideration of this Court's Order Denying his Second Motion to Compel. Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable,

manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). Upon review of Dr. Teklehaimanot's Reply Brief in support of his Second Motion to Compel, Motion for Reconsideration and Reply Brief in support of his Motion for Reconsideration, the Court finds that even if the Court had considered Dr. Teklehaimanot's Reply Brief in support of his Second Motion to Compel, a different disposition would not have resulted.

Dr. Teklehaimanot's Request Nos. 38-40, 42, 49, 69-71, 74-76 & 88 seek information related to education, training and instructional materials such as State Farm's automobile claims manuals.

> Request No. 38- Please produce State Farm's automobile claims manuals, including but limited to, all manuals, procedures, guidelines, practices, amendments, interpretations, directives, reports, memoranda and other related documents relating to the adjustment, administration and/or processing of PIP/BI and UM claims, including but not limited to, patients treated and/or claims submitted by Dr. Teklehaimanot.

> Request No. 39 - Please produce all documents regarding "Reason Code" and/or "Explanations" used, relied upon and/or identified in State Farm's Explanation of Review forms, including, but not limited to, all such manuals, procedures, guidelines, practices, amendments, interpretations, directives, reports, memoranda and other related documents relating to the adjustment, administration and/or processing of such PIP, BI and UM claims, and separately produce all such documents for Reason Codes SF002, SF004, SF007, SF008, SF029, SF041, SF072, SF166, SF204, SF286, SF303, SF450, SF452, SF455, SF457, SF458, SF460 and SF627.

State Farm maintains that it has produced all responsive documents to this request, including responsive sections of the Auto Claims Manual and other claims handling documents, as well as documents that provide the descriptions of the Reason Codes in the EORs. Thus, this request is denied as moot.

Request No. 40 states:

> Request No. 40– Please produce all documents regarding State Farm's policies, procedures and practices regarding the denial of claims and/or the transmittal of denial letters, correspondence and/or notifications, including, but not limited to, all such manuals, procedures, guidelines, practices, amendments, interpretations, directives, reports, memoranda and other related documents relating to the adjustment, administration and/or processing of PIP, BI and UM claims.

State Farm responds that it has no "policies/procedures concerning the denial of claims." Thus, this aspect of Dr. Teklehaimanot's motion is also denied as moot.

> As to Request No. 42, Dr. Teklehaimanot seeks:

> Request No. 42– Please produce all documents regarding State Farm's policies, procedures and practices regarding investigations, notices of investigations and/or the "Correspondence" defined and referenced in Dr. Teklehaimanot's Amended-Counter Counterclaims and in Exhibit A thereto, including, but not limited to, all such manuals, procedures, guidelines, practices, amendments, interpretations, directives, reports, memoranda and other related documents relating to the adjustment, administration and/or processing of PIP, BI and UM claims.

State Farm indicates that it has produced its policies, procedures, and practices that would have applied to the claims at issue, as well as its entire multi-claims investigation unit files and emails, including any correspondence relating to the investigation of Dr. Teklehaimanot. Thus, this aspect of Dr. Teklehaimanot's request is also denied.

> Similarly, Request No. 49 will be denied. This requests seeks:

> Request No. 49– Please produce all documents regarding State Farm's definitions, manuals, policies, procedures, guidelines, memoranda and other related documents regarding reasonable medical judgment, discretion and/or opinion in the examination, diagnosis and/or treatment of patients.

State Farm responds that it produced all claims handling documents that could have applied to the claims at issue herein, including documents dealing with the examination, diagnosis and treatment of patients with soft tissue injuries. Thus, Dr. Teklehaimanot's motion with respect to this request is also denied as moot.

-5-

Dr. Teklehaimanot's Request Nos. 69-71 and 74-76 seek:

Request No. 69–Please produce all documents regarding manuals, resources, programs, policies, procedures, guidelines, directives and other documents regarding Michigan's No-Fault Act, Michigan's automobile insurance laws, regulations and policies, including, but not limited to, the adjustment, administration, and/or processing of PIP, BI and/or UM claims and benefits.

Request No. 70– Please produce all documents regarding the requirement under Michigan's No-Fault Act that insurers pay all "reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation," including, but not limited to, all definitions, manuals, policies, procedures, guidelines and other related documents used by State Farm regarding the adjustment, administration and/or processing of PIP, BI and/or UM claims and benefits.

Request No. 71–Please separately produce all documents regarding the "reasonable amount" charged for particular medical services and/or physical therapy services, including, but not limited to, all computer programs, databases, benchmarks, auditors, consultants, manuals, policies, procedures, guidelines and other related documents setting forth the reasonable and/or customary amounts for: (a) each particular medical service provided by Dr. Teklehaimanot and (b) each particular physical therapy services provided by MedCity.

Request No. 74– Please produce all documents regarding challenges to and/or attempts by State Farm to pay less than the amounts charged by service providers, including, all manuals, policies, procedures, guidelines and other related documents.

Request No. 75–Please produce all documents regarding State Farm's application and/or interpretation "reasonable proof" provision under Michigan's No-Fault Act regarding medical services and/or physical therapy services, including, but not limited to, all manuals, policies, procedures, guidelines and other related documents.

Request No. 76–Please produce all documents regarding the requirement under Michigan's No-Fault Act that insurers pay PIP claims and benefits within 30 days of receiving reasonable proof of the fact and amount of loss, including, but not limited to, all manuals, policies, procedures, guidelines and other related documents.

As to Dr. Teklehaimanot's Requests to Produce Nos. 69-71 and 74-76, State Farm represents that it has produced all of its non-privileged claims handling documents that could have applied to the

claims at issue. State Farm's production includes hundreds of claims handling documents as well as activity logs for every patient at issue in the instant action.

Dr. Teklehaimanot maintains that State Farm improperly relies on privilege, thus he filed a Motion to Compel Production of Attorney-Client Privileged Documents on May 2, 2013. Dr. Teklehaimanot seeks an Order from the Court compelling the production of all privileged documents in State Farm's possession.

Under Federal Rule of Civil Procedure 26(b)(1), parties may discover any subject matter, not privileged, that is relevant to the claims and defenses in the action. Fed. R. Civ. P. 26(b)(1). In Michigan, "[t]he scope of the attorney-client privilege is narrow, attaching only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice." *Leibel v. Gen. Motors Corp.*, 250 Mich. App. 229, 646 N.W.2d 179 (2002). The elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such (3) the communication relating to that purpose (4) made in confidence (5) by the client (6) are at his direction permanently protected (7) from disclosure by himself or the legal advisor (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). "[C]ommunications by attorneys acting as insurance claims investigators, rather than as attorneys, are not protected by the attorney client privilege." *Barton Marlow Co. v. Certain Underwriters at Lloyd's of London Subscribing Policy No. 509/QF004706*, No. 10-10681, 2012 WL 4668868, *1 (E.D. Mich. Oct. 3, 2012).

The work product doctrine is governed by Federal Rule of Civil Procedure 26(b)(3), which provides for qualified protection for documents prepared in anticipation of litigation by a party or for the party's attorney or other representative. *See* Fed. R. Civ. P. 26(b)(3). Discovery of a

party's alleged work product involves a burden shifting analysis. *Stampley v. State Farm Fire & Casualty Co.*, 23 Fed. A'ppx. 467, 471 (6th Cir. Nov. 20, 2001). Once the party seeking the discovery demonstrates the documents at issue are relevant, the opposing party must show that the documents were prepared in anticipation of litigation. *Id.* At this point, the burden shifts to the moving party to show that (1) it has a substantial need for the information, but (2) is unable to obtain the substantial equivalent of the materials without undue hardship. *Id.*

State Farm maintains that, contrary to Dr. Teklehaimanot's arguments, the amount of material withheld is minimal compared to State Farm's overall production. Only 228 documents have been produced in redacted form and approximately 3,900 documents have been withheld based on the attorney-client privilege and work product doctrine. Here, the Court concludes that Dr. Teklehaimanot has failed in his burden demonstrating that he has a substantial need for the information and cannot obtain its substantial equivalent from other materials without undue hardship.

As an initial matter, to the extent Dr. Teklehaimanot argues that State Farm is not entitled to the protections of the work product doctrine and attorney client privilege, he is incorrect. The law in this circuit permits insurance companies to withhold privileged documents prepared in anticipation of litigation. *See Stampley*, 23 Fed. A'ppx at 71 (trial court did not abuse its discretion in finding that documents prepared by State Farm in anticipation of litigation were protected by the work-product doctrine); *U.S. Fire Ins. Co. v. City of Warren*, No. 2:10-cv-13128, 2012 WL 1454008, *5 (E.D. Mich. April 26, 2012) (emphasizing that insurer's "internal documents [are] subject to the work product privilege where the 'primary motivating purpose behind the creation of a document or investigative report [is] to aid in possible litigation'" and that "communications

between an insurance company and outside counsel retained to provide legal advice regarding coverage, rather than to perform routine claims adjustment, remain protected by the attorney client privilege.").

Here, virtually all of MedCity's patients were represented by MedCity's owner, Carl Collins, III, in connection with bodily injuries stemming from automobile accidents. Thus, State Farm's activity logs certainly include advice, and work product in connection with that litigation. Further, Dr. Teklehaimanot has not demonstrated substantial need and undue hardship because he has failed to depose any witnesses to date. Thus, there is simply no basis for this Court to conclude that Dr. Teklehaimanot will face undue burden in obtaining the information sought from other resources. *See Stampley*, 23 Fed. A'ppx at 471 ("A party may be required to take the depositions of people who prepared the documents to obtain the information contained in them."). Based on the above, the Court declines to compel State Farm to produce all of the documents withheld as privileged, nor will the Court conduct an *in camera* review of these materials. Accordingly, Dr. Teklehaimanot's Motion to Compel Production of Attorney-Client Privileged Documents is DENIED.

While Dr. Teklehaimanot seeks complete responses to Request No. 52, State Farm responds that it has already produced the job titles and descriptions of the State Farm employees who handled the patients' claims at issue herein. Further, State Farm claims that it does not have any organizational flow charts in its possession. Therefore, this aspect of Dr. Teklehaimanot's Motion for Reconsideration will also be denied as moot.

Dr. Teklehaimanot's Request No. 63 seeks documents concerning State Farm's board of director, committee and study group meetings. The Court finds that Dr. Teklehaimanot is not entitled to the relief sought in his motion. This request is overly broad and not reasonably calculated

to lead to the discovery of admissible evidence. State Farm would be required to produce documents about nearly every aspect of its business, thus State Farm's objection was proper and will be sustained.

As to Request No. 88, which seeks all documents related to treatment of sprains, strains and other soft tissue issues, the Court likewise finds that State Farm has produced all responsive documents to this request. Dr. Teklehaimanot's request for these documents is therefore denied as moot.

Request No. 90 seeks education and training materials. State Farm was ordered by Magistrate Judge Whalen to produce these materials in his December 10, 2012 Order. State Farm represents that it has provided all of the responsive documents to this request. Dr. Teklehaimanot argues that while State Farm has produced Education and Training Reports for several claims representative, these documents identify the existence of hundreds of basic educational materials that were not produced, such as 1) Michigan Specific Strains and Sprains Class, 2) PIP modules, 3) PIP Quarterly Training, 4) Claims Handling Principles and Practices, 5) Anti-Fraud Seminars 6) Professional Claim College Courses, 7) Auto Claim School and 8) Special Investigatory Unit School. The Court finds that this aspect of Dr. Teklehaimanot's request is warranted and to the extent State Farm has not yet produced these materials, it shall do so within fourteen (14) days from the date of this Order.

Request No. 93 seeks information concerning personnel and disciplinary files. State Farm responds that it has produced documents reflecting the job titles and descriptions and education and training completed by employees who handled the claims at issue, as well as copies of all relevant training materials. With respect to Dr. Teklehaimanot's request for employees' personnel files, he

has not demonstrated the relevance of the employees' personnel files, which include personal information, such as salary and benefits. The Court will not permit Dr. Teklehaimanot unfettered access to personnel files without a compelling showing of the relevance of such files. *See Jordan v. Kohl's Dept. Stores, Inc.,* No. 3:10-cv-0051, 2010 WL 3024868, *1 (M.D. Tenn. July 28, 2010).

### IV. CONCLUSION

Accordingly, for the reasons stated above, Dr. Teklehaimanot's Motion to Compel Production of Attorney-Client Privileged Documents [#175] is DENIED.

Dr. Teklehaimanot's Motion for Reconsideration [#188] is GRANTED IN PART and DENIED IN PART. State Farm shall fully respond to Request No. 90 within fourteen (14) days from the date of this Order.

State Farm's Motion to Strike [#195] is DENIED.

Dr. Teklehaimanot's Motion for Leave to File a Reply Brief [#198] is GRANTED.

SO ORDERED.

Dated: August 7, 2013           /s/Gershwin A Drain
                                GERSHWIN A. DRAIN
                                UNITED STATES DISTRICT JUDGE