UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MEDCITY REHABILITATION SERVICES, LLC,

        Plaintiff,

v                                           Case No. 11-cv-14777
                                           Hon. Gershwin A. Drain

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Counter-Plaintiff,

v.

MEDCITY REHABILITATION SERVICES, LLC
DAWIT TEKLEHAIMANOT, D.O.,

        Counter-Counter Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART STATE FARM'S MOTION TO COMPEL COMPLETE RESPONSES TO FOURTH SET OF INTERROGATORIES [#200], DENYING STATE FARM'S MOTION FOR SANCTIONS AGAINST DR. TEKLEHAIMANOT D.O. [#202], GRANTING IN PART STATE FARM'S EMERGENCY MOTION TO COMPEL DEPOSITIONS [#208], DENYING MOTION TO ADJOURN [#209], GRANTING IN PART AND DENYING IN PART EMERGENCY MOTION FOR AN IMMEDIATE STATUS CONFERENCE, PROTECTIVE ORDER AND TO COMPEL DEPOSITIONS [#220] FINDING EMERGENCY MOTION FOR PROTECTIVE ORDER [#221] MOOT**

## I.    INTRODUCTION

Presently before the Court are various pretrial motions filed by Defendant/Counter-Plaintiff,

State Farm, and Counter-Defendant, Dawit Teklehaimanot, D.O, concerning the parties' claims of

breach of contract, fraud, racketeering and conspiracy arising out of the denial of No Fault benefit

-1-

payments.  This Court's previous orders set forth the material background facts of the parties'

pleadings.  On August 2, 2013, the Court conducted a status conference to discuss the status of this

matter.  In consideration of the parties' representations made during the conference, and the Court's

review of the parties' pending motions and briefs supporting or opposing same, the Court declines

to conduct oral argument on the motions and will resolve them on the briefs submitted.  *See* E.D.

Mich.  L.R. 7.1(f)(2).


## II.     ANALYSIS

### A.     State Farm's Motion to Compel Complete Responses to State Farm's Fourth Set of Interrogatories to Dawit Teklehaimanot, D.O.

Here, State Farm seeks an Order compelling Dr.  Teklehaimanot to supplement his response

to State Farm's discovery request seeking any information concerning "all lawsuits for No-Fault

Benefits" filed by Dr.  Teklehaimanot or on his behalf between January 1, 1998 through the present.

State Farm argues that this information is relevant to Dr.  Teklehaimanot's fraud claim regarding

his knowledge of the one-year back rule prior to receiving State Farm's purported fraudulent

correspondence concerning the status of his claims.  State Farm maintains that the time period is

reasonable because Dr.  Teklehaimanot's claims seek recovery for bills submitted as early as 1998.

In cases alleging fraud, the "time frame for discovering defendants' knowledge of the facts

at issue must be sufficiently broad to reveal evidence of the facts as well as evidence of where

defendants learned those facts." *Nairobi Holdings v.  Brown Bros.  Co.  of Cal*., No.  02-1230, 2005

WL 742617 (S.D. N.Y. March 18, 2005).  Here, contrary to State Farm's arguments, the time period

is  overly  broad  and  unduly  burdensome.   Dr.   Teklehaimanot's  fraud  claims  concern

misrepresentations made by State Farm in 2010, 2011 and 2012.  Thus, Dr.  Teklehaimanot's

proposal to produce responsive records regarding No-Fault lawsuits for the last five years is appropriate. Therefore, the Court will require Dr. Teklehaimanot to respond to this discovery request, but only for the time period of 2007 through the present. Lastly, Dr. Teklehaimanot cannot respond to this request by relying on Rule 33(d) and referring State Farm to his business records. To the extent copies of pleadings or other court papers contain the requested information, such records are not business records within the meaning of Rule 33(d). The Court grants in part and denies in part State Farm's Motion to Compel. Dr. Teklehaimanot shall serve his response to this document request within fourteen (14) days from the date of this Order.

### B.      State Farm's Motion for Sanctions Against Dawit Teklehaimanot, D.O.

In the present motion, State Farm requests an Order from the Court imposing sanctions against Dr. Teklehaimanot for his failure to identify the specific bills at issue in his claims against State Farm in contravention of this Court's May 7, 2013 Order. Instead, Dr. Teklehaimanot served substantially identical interrogatory responses to the deficient responses at issue in the Court's May 7, 2013 Order. Among other requests, State Farm seeks an Order barring Dr. Teklehaimanot from seeking payment or damages arising from State Farm's non-payment of his claims that he has not specifically identified in his discovery responses.

Dr. Tek cannot rely on Rule 33(d) to the extent he seeks to recover damages for unpaid bills for patients who do not treat at MedCity. Contrary to Dr. Teklehaimanot's claim, the parties' competing claims do not relate to the same bills and accounts. Dr. Teklehaimanot seeks payment for at least 72 non-Med-City patients. Thus, Dr. Teklehaimanot shall supplement his interrogatory answers to specifically identify the bills on which he is suing within fourteen days from the date of this Order. The Court declines to award any sanctions requested by State Farm at this stage of the

proceedings. However, the parties are hereby warned that any future non-compliance with this Court's Orders may result in sanctions, up to and including, judgment against the offending party.

### C.    State Farm's Emergency Motion to Compel Depositions

In the present motion, State Farm seeks an Order Compelling the Depositions of Carl Collins, III, a Rule 30(b)(6) representative designated by MedCity, a Rule 30(b)(6) representative designated by Alpha Living, LLC and a designated representative of the Law Offices of Carl Collins, III to occur between August 15, 2013 and August 23, 2013. MedCity, as well as, Dr. Teklehaimanot have filed responses to the present motion. Upon review of the present motion, and the parties responses thereto, the Court will order the depositions of Carl Collins, III, the Law Offices of Carl Collins, III, MedCity, and Alpha Living, LLC.

However, the Court will not require the depositions to occur between August 15, 2013 through August 23, 2013 in consideration of Dr. Teklehaimanot's counsel's family vacation plans. At the status conference in this matter, the Court stated it would not extend the Court's current August 29, 2013 fact discovery cutoff date. However, the Court advised the parties that they could agree purely on a voluntary basis among themselves to extend the fact discovery cutoff to the expert discovery cutoff, which is October 11, 2013. Accordingly, State Farm's Emergency Motion to Compel Depositions is GRANTED IN PART.

### D.    Dr. Teklehaimanot's Motion to Adjourn and Re-Set Scheduling Order Deadlines

In the present motion, Dr. Teklehaimanot maintains that the Current Scheduling Order's deadlines are unworkable and unrealistic and must be adjourned. The Court has recently resolved Dr. Teklehaimanot's outstanding discovery motions, and permitted the parties to agree on a purely voluntary basis to an extension to the fact discovery cutoff. State Farm must supplement its

-4-

discovery responses with the educational materials sought by Dr. Teklehaimanot's discovery requests within the next couple of weeks. Thus, the parties voluntary agreement could give at least forty-five days to complete depositions if they agree, as suggested by the Court, to extend fact discovery cutoff to October 11, 2013. Accordingly, the Court DENIES Dr. Teklehaimanot's Motion to Adjourn the Scheduling Order by 150 days.

**E.      Dr. Teklehaimanot's Emergency Motion for an Immediate Status Conference, Motion for Protective Order and Motion to Compel Depositions**

Here, Dr. Teklehaimanot seeks an immediate status conference, which this Court conducted on Friday, August 2, 2013, as well as a protective order barring depositions to proceed until this Court issues an Order on the outstanding discovery motions, establishes a realistic deposition schedule and compels State Farm to provide deposition dates for its claims handling personnel. The Court finds that entry of a protective order is unwarranted under the circumstances, as well as declines to participate in the creation of a deposition schedule for this matter. However, State Farm shall provide deposition dates for the claims personnel identified in Dr. Teklehaimanot's present Motion. Accordingly, Dr. Teklehaimanot's Emergency Motion for an Immediate Status Conference, Motion for Protective Order and Motion to Compel Depositions is GRANTED IN PART and DENIED IN PART.

**F.      Dr. Teklehaimanot's Emergency Motion for Protective Order**

Dr. Teklehaimanot's Emergency Motion for Protective Order, which seeks entry of an Order from the Court prohibiting State Farm from taking the un-noticed depositions of Dr. Teklehaimanot and a Rule 30(b)(6) representative on August 1, 2013 and August 2, 2013. Because these dates have passed, the Court will deny this motion as moot.

## III.     CONCLUSION

Accordingly, for the reasons stated above, State Farm's Motion to Compel Complete Responses to State Farm's Fourth Set of Interrogatories [#200] is GRANTED IN PART and DENIED IN PART.  Dr.  Teklehaimanot shall serve his response consistent with this Order within fourteen (14) days from the date of this Order.

State Farm's Motion for Sanctions Against Counter-Defendant Dawit Teklehaimanot, D.O. [#202] is DENIED.

State Farm's Emergency Motion to Compel Depositions [#208] IS GRANTED IN PART.

Dr.  Teklehaimanot's Motion to Adjourn and Re-Set Scheduling Order [#209] is DENIED.

Dr.  Teklehaimanot's Emergency Motion for an Immediate Status Conference, Motion for Protective Order and Motion to Compel Depositions [#220] is GRANTED IN PART and DENIED IN PART.

Dr.  Teklehaimanot's Emergency Motion for Protective Order [#221] is DENIED as moot.


Dated: August 7, 2013                        /s/Gershwin A Drain_____
                                             GERSHWIN A.  DRAIN
                                             UNITED STATES DISTRICT JUDGE

-6-